■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHYLLIS CAVALERA, Appellant.— Judgment of conviction rendered December 11, 1968 on defendant's plea of guilty of unlawfully possessing a depressant and stimulant drug as a misdemeanor, and certifying defendant on her admission of addiction to the Narcotic Addiction Control Commission for a period not to exceed 36 months, unanimously reversed on the law, and on the consent of the District Attorney, and the defendant remanded for resentence. The defendant was sentenced under section 208 of the Mental Hygiene Law providing for an examination under section 207 thereof, which by its provision is applicable to violations committed after April 1, 1967. It appears that defendant's violation was committed prior thereto. Accordingly, the certification of defendant to Narcotic Addiction Control Commission was unauthorized. Concur — Capozzoli, J. P., Nunez, McNally, Steuer and Tilzer, JJ.

■ ALBERT R. VALERIOTI, Respondent, v. ESTATE OF MATTHEW H. BRANDEN-BURG, Deceased, Appellant.— Order entered on May 29, 1969, granting summary judgment to plaintiff and denying defendant's motion for summary judgment unanimously modified on the law to deny summary judgment to plaintiff, and otherwise affirmed with $50 costs and disbursements to the appellant. The action is against an administratrix upon a check signed by the deceased. The check was issued nearly four years before suit was brought. The defendant denies any knowledge of the circumstances under which the check was issued. Here the facts are peculiarly within the knowledge of the plaintiff and defendant is without information to contest plaintiff's allegations. The plaintiff should be required to establish his claim by testimony subject to cross-examination. Concur — Capozzoli, J. P., Nunez, McNally, Steuer and Tilzer, JJ.

■ JACOBO LEISERSON, Respondent, v. MABRO INTERNATIONAL, INC., et al., Appellants, et al., Defendants.— Appeal from an order entered March 23, 1970 denying motion of defendants-appellants to vacate plaintiff's notice of examination before trial is unanimously dismissed as moot, without costs and without disbursements, in view of our disposition of the companion appeal (*Leiserson* v. *Mabro Int.*, 34 A D 2d 925). Should leave be granted to serve an amended complaint, and plaintiff, if so advised, applies for priority in respect of the examination before trial of the defendants, he shall be required to establish special circumstances. The affidavit of one of plaintiff's attorneys avers: "Obviously, in this type of action there are many important facts which are not known to plaintiff but are solely within the knowledge of the defendants." Said allegation by one without personal knowledge of the facts is vague, conclusory and devoid of factual demonstration of the facts sought and plaintiff's lack of knowledge thereof. Concur — McGivern, J. P., Markewich, McNally and Tilzer, JJ.